**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Mark Wilson Kiker,
Petitioner
-vs-
Charles L. Ryan, et al.,
Respondents.

CV-18-3392-PHX-JJT (JFM)

**Report & Recommendation**
**on Petition for Writ of Habeas Corpus**

## I.  MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Kingman, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 19, 2018 (Doc. 1).  On March 26, 2019 Respondents filed their Limited Answer (Doc. 10).  Petitioner filed a Reply on April 29, 2019 (Doc. 12).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.  PROCEEDINGS AT TRIAL

On May 1, 2007, Petitioner, who was some 40 years of age at the time, was indicted on four counts, including charges of sexual conduct with a minor, public sexual indecency, and molestation of a child, relating to conduct with a child under the age of 15.  (Exh. A, Indictment; Exh. F, Sentence 2/14/18.)  (Exhibits to the Answer, Doc. 10, are referenced herein as "Exh. ___.")  This was in Maricopa County Superior Court Case No. CR2007-126197-001 SE.  (*Id.*)  Petitioner eventually, with advice of counsel, entered into a written

- 1 -

Plea Agreement (Exh. B) agreeing to plead guilty to three amended counts (1, 2, and 4) of attempted molestation of a child, in exchange for dismissal of Count 3, and stipulations of a sentence of no less than the presumptive term of 10 years in prison for Count 2, and lifetime probation on Counts 1 and 4.  The Plea Agreement inexplicably bore case number CR2007-015577-001 SE, which was at some unidentified time overwritten to reflect Petitioner's case number.

At the plea hearing, Petitioner admitted to committing the offenses described in the offered factual basis:

> THE COURT: Factual basis, please?
> MR. NURMI [Defense Counsel]: Yes, Your Honor. Thank you.
> On April 8th, 2007 in a home located in   Gilbert, Arizona, Maricopa County, Mr. Kiker attempted to have sexual contact with a [JQ], a young man who was under the age of 15 at the time.
> As to Count 1, there was an attempt to have contact with his penis in a masturbatory fashion.
> As to Count 2, there was an attempt to touch the victim's penis.
> And as to Count -- as to Count 4, excuse me, there was attempt to contact, to have contact with the victim's anus.
> THE COURT: Sir, is that all, in fact, true?
> THE DEFENDANT: Yes, sir.

(Exh. C, R.T. 11/30/7 at 7.)

The plea was accepted, and on February 15, 2008, Petitioner was sentenced (under the proper case number) to an aggravated sentence of 15 years on Count 2 and consecutive thereto two, concurrent terms of lifetime probation on Counts 1 and 4. (Exh. F, Sentence 2/15/08.)

## B.  PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at 2.)  Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

## C.  PROCEEDINGS ON POST-CONVICTION RELIEF
### 1.  1st PCR Proceeding

On March 17, 2008, Petitioner filed a Notice of Post-Conviction Relief (Exh. G).

That Notice made no reference to the nature of claims being made.  (*See id.* generally.) Counsel was appointed who eventually filed a Notice of Completion (Exh. H) asserting an inability to find an issue for review.   On November 17, 2008, Petitioner filed a *pro per* PCR Petition (Exh. I) consisting of a form cover page, with no issues or arguments being raised.

At the same time, Petitioner apparently filed a second PCR notice.

On December 4, 2008, the PCR court ruled the second PCR notice ineffective because of the pending PCR proceeding, struck the PCR petition for various defects of substance and form, and extended the time for Petitioner to file his petition.  (Exh. J, M.E. 12/4/08.)   Petitioner did not timely file his PCR petition, and on June 15, 2009, the court dismissed the PCR proceeding.  (Exh. K, M.E. 6/15/09.)

Petitioner did not seek review.  (Exh. M, M.E. 6/6/18 at 1.)

### 2.  2nd PCR Proceeding

Almost 9 years later, on May 15, 2018, Petitioner filed a second Notice of Post-Conviction Relief (Exh. L).  On June 6, 2018, the PCR court dismissed the proceeding, concluding that the notice was untimely, and Petitioner failed to allege facts to show that his claims were subject to any applicable exception to the time limits.  (Exh. M, M.E. 6/6/18.)

On June 25, 2018, Petitioner filed a Petition for Review (Exh. N), seeking review from the Arizona Court of Appeals.

On October 2, 2018, the Arizona Court of Appeals granted review, but summarily denied relief.  (Exh. O, Mem. Dec. 10/2/18.)  Petitioner did not seek reconsideration or further review, and on November 16, 2018, the appellate court issued its Mandate.  (Exh. O, Mandate.)

### D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 19, 2018 (Doc. 1).  The Petition contains Petitioner's declaration under penalty of perjury that it was "placed in the prison mailing system on October 15, 2018."  (*Id.* at 11.)  The envelope in which the Petition arrived reflects that assertion, and bears a postage meter mark dated October 16, 2018. (Doc. 1-1.)

Petitioner's Petition asserts the following two grounds for relief:

> In Ground One, Petitioner alleges that his Sixth Amendment right to the effective assistance of counsel was violated. In Ground Two, Petitioner alleges that the trial court violated his Fifth and Fourteenth Amendment rights by approving the plea agreement, which bore the wrong case number.

(Order 2/14/19, Doc. 6 at 2.)  Petitioner's claim of ineffective assistance is founded upon the same error in case number.  (Petition, Doc. 1 at 6.)

Regarding timeliness, Petitioner alleges that "with the help of a legal aide [he] just recently discovered what had taken place through the entire scope of his case."  (Petition, Doc. 1 at 11.)

**Response** - On March 26, 2019 Respondents filed their Limited Answer (Doc. 10), arguing that: (1) the Petition is untimely; (2) Petitioner has procedurally defaulted on his state remedies; and (3) waived his claims by pleading guilty.

**Reply** - Petitioner filed a Reply on April 29, 2019 (Doc. 12).  Petitioner argues the merits of his claims, references his sentencing under the wrong case number and asserts he has shown the extraordinary circumstances to justify equitable tolling.  (*Id.* at 1-2.)  He argues he properly exhausted his claims by presenting them to the Arizona Court of Appeals.  He argues that his claims should not be procedurally defaulted because they are based on newly discovered evidence.

### III.  APPLICATION OF LAW TO FACTS
#### A.  TIMELINESS
#### 1.  One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-

- 4 -

year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. Id.

## 2. Commencement of Limitations Period

### a. Conviction Final

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

For an Arizona noncapital pleading defendant, "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007). "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R. Crim. P. 32.4(a)).

Thus, the conviction of a pleading defendant becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32, or the expiration of the time to do so.

Here, Petitioner filed a timely, of-right PCR proceeding (within 32 days of sentencing), which remained pending until June 15, 2009, when it was dismissed by the PCR court. The undersigned notes, however, that the minute order dismissing the PCR proceeding, although dated June 15, 2009, did not appear to have been entered in the presence of the parties, and was not filed until June 16, 2009. Thus, the dismissal date

---

[1] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Except as discussed hereinafter, Petitioner proffers no argument that any of these apply.

should be deemed to be the later date, June 16, 2009.  *See Matter of Maricopa County Juvenile Action No. JS-8441*, 174 Ariz. 341, 343, 849 P.2d 1371, 1373 (1992) (concluding on the basis of fundamental fairness, that a minute order be deemed entered on the latest date reflected however denominated).  *Cf. State v. Whitman*, 234 Ariz. 565, 568, ¶ 20, 324 P.3d 851, 854 (2014) ("time limit for filing a notice of appeal begins to run on the date of oral pronouncement of sentence").

Rule 32.9(c) requires petitions for review to the Arizona Court of Appeals be filed within thirty days of the trial court's decision on the PCR petition.  Moreover, Arizona applies Arizona Rule of Criminal Procedure 1.3 to extend "the time to file an appeal by five days when the order appealed from has been mailed to the interested party and commences to run on the date the clerk mails the order."  *State v. Zuniga*, 163 Ariz. 105, 106, 786 P.2d 956, 957 (1990).  *See also State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978) (applying Rule 1.3(a) to Rule 32.9(c) deadline for petition for review from denial of motion for rehearing in PCR proceeding).[2]  Here, there is no indication that the PCR court's decision was delivered to Petitioner or his counsel by any means other than mailing.  Accordingly, Petitioner's time to seek review by the Arizona Court of Appeals expired 35 days after the PCR court's decision, or on July 21, 2009.[3]

Based on the foregoing, Petitioner's conviction became final on July 21, 2009, upon

---

[2] The Arizona Rules of Criminal Procedure were largely all modified, effective January 1, 2018.  Most of the changes were stylistic.  As part of those changes, Rule 1.3 was amended to exclude from the Additional Time After Service provisions "the clerk's distribution of notices, minute entries, or other court-generated documents."  Ariz. R. Crim. Proc. 1.3(a)(5).  This revision was subsequent to the relevant proceedings in this case.

[3] For purposes of 28 U.S.C. § 2244, "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  The Supreme Court "can review, however, only judgments of a 'state court of last resort' or of a lower state court if the 'state court of last resort' has denied discretionary review." *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (citing U.S. Sup.Ct. R. 13.1 and 28 U.S.C. § 1257(a)).  Here, Petitioner did not seek direct review by the Arizona Supreme Court.  Accordingly, the time for seeking a writ of certiorari with the U.S. Supreme Court cannot be considered in determining when Petitioner's judgment became final. *Id.*

expiration of his time to file a petition for review with the Arizona Supreme Court.

### b.   Newly Discovered Claims

Although the conclusion of direct review normally marks the beginning of the statutory one year, section 2244(d)(1)(D) does provide an alternative of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Accordingly, where despite the exercise of due diligence a petitioner was unable to discover the factual predicate of his claim, the statute does not commence running on that claim until the earlier of such discovery or the elimination of the disability which prevented discovery.   The commencement is not delayed until actual discovery, but only until the date on which it "could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).

Petitioner argues his claims were only recently discovered.  Although Petitioner does not assert any particular facts that were discovered, it would appear he references the fact that his Plea Agreement originally bore the wrong case number.   But, Petitioner suggest no reason why, with due diligence, this fact could not have been previously discovered.  For example, he does not suggest he was unaware of the number of his case, or did not have a copy of plea agreement available to him.  The mere fact that Petitioner had not noticed the discrepancy until recently does not indicate that it could not have been discovered previously.

Moreover, information available to a habeas petitioner's attorneys is relevant to the determination whether knowledge is chargeable to a petitioner.  "Under ordinary circumstances-and there is no room for the application of a different principle here-a lawyer's knowledge is attributed to her client."  *Wood v. Spencer*, 487 F.3d 1, 4-5 (1st Cir. 2007), *cert. denied*, 128 S. Ct. 260 (2007). *See also Ford v. Galaza*, 683 F.3d 1230, 1236 (9th Cir. 2012) (citing *Wood*, 487 F.3d at 4-5, but not relying on attribution of attorney's knowledge to petitioner).  Petitioner does not suggest that the relevant documents were not available to his trial and PCR counsel.

- 7 -

Perhaps Petitioner intends to assert that he did not perceive the (purported) legal ramifications of the case number discrepancy. "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001).

Accordingly § 2244(d)(1)(D) has no application to Petitioner's claims.

### c.    Conclusion re Commencement

Therefore, Petitioner's one year began running on July 22, 2009, and without any tolling expired on July 21, 2010.[4]

### 3.  Timeliness Without Tolling

Petitioner's Petition (Doc. 1) was filed on October 19, 2018, but avows it was delivered to prison officials for mailing four days earlier.  "In determining when a pro se state or federal petition is filed, the 'mailbox' rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Respondents do not counter the Petitioner's avowal, and the undersigned finds that his Petition was delivered to prison officials for mailing on the date indicated.  Accordingly, the Petition should be deemed "filed" as of October 15, 2018.

As determined in subsection (2) above, without any tolling Petitioner's one year habeas limitations period expired no later than July 21, 2010, making his October 15, 2018 Petition over eight years delinquent.

### 4.  Statutory Tolling

**Tolling for Properly Filed Petitions** - The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

---

[4] Respondents calculate the same expiration date.  (Answer, Doc. 10 at 5.)

2244(d)(2).

However, statutory tolling of the habeas limitations period only results from state applications that are "properly filed," and an untimely application is never "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). For purposes of applying the "properly filed" requirement of § 2244(d), the federal courts look to the "last reasoned decision" of the state courts. *Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016).

**Application** - Petitioner's limitations period commenced running on July 22, 2009 (after conclusion of his first PCR proceeding). Petitioner's next PCR proceeding was not commenced until May 15, 2018. That Petition was signed as of May 9, 2018. Because it does not affect the outcome, the undersigned presumes (in Petitioner's favor) that this notice was delivered to prison officials for mailing on that date, and should be deemed filed as of May 9, 2018.

At that time, his one year had been expired for over seven years and ten months. Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Nor, as argued by Respondents, is Petitioner entitled to tolling for the gap between his two PCR proceedings.

> In this circuit, we apply a two-part test to determine whether the "gap" should be tolled. "First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a 'new round' and the gap between the rounds is not tolled." But, if the subsequent petition "simply attempted to correct the deficiencies" in the prior petition, we will construe the new petitions as part of the first "full round" of collateral review. In such circumstance, we then proceed to ask whether the petition was denied on the merits or deemed untimely. If the petition was denied on the merits, we will toll the time period between the two properly-filed petitions; if it was deemed untimely, we will not.

*Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007) (citations omitted) (quoting *King v. Roe*, 240 F.3d 821 (9th Cir. 2003)).

Because Petitioner failed to raise any claims in his first PCR proceeding (either in his Notice (Exh. G) or his original *pro per* PCR Petition (Exh. I)), Petitioner's second proceeding was not merely an attempt to elaborate on facts in the first (and thus a continuation of the first).    *See Hemmerle v. Schriro* 495 F.3d 1069, 1075 (9th Cir. 2007) ("Hemmerle's first PCR notice, unaccompanied by any supporting documentation or factual elaboration, was insufficient to raise a claim to which the second petition could relate back.").

### 5.  Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted).  "[A]n external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir.2008)).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,*292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

Even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards.  "If the person seeking equitable tolling has not exercised reasonable diligence

in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000).  Ordinarily, thirty days after elimination of a roadblock should be sufficient.  *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003).

Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner argues he is entitled to equitable tolling because ""with the help of a legal aide [he] just recently discovered what had taken place through the entire scope of his case." (Petition, Doc. 1 at 11.)   But these allegations do not show any external force precluding Petitioner from timely filing his federal petition.  As noted above regarding 28 U.S.C. § 2244(d)(1)(D) (newly discovered claims), Petitioner points to no impediment other than his own failure to recognize his claim.  That is not sufficient to justify equitable tolling.  *Waldron-Ramsey*, 556 F.3d at 1011.

Nor is Petitioner's untrained, *pro se* status an extraordinary circumstance.  "It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert,* 465 F.3d 964, 970 (9th Cir. 2006).  A prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  *See also Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Nor can Petitioner point to some failing by counsel. First, Petitioner fails to show that he had retained counsel to represent him in his habeas proceeding.

Second, even if Petitioner could rely on some failing by trial or PCR counsel, he fails to show that any such failing precluded him from a timely filing, or that it was an

exceptional circumstance. Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001). A "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling.' " *Holland v. Florida*, 560 U.S. 631, 651-652 (2010). Rather, the attorney's misconduct must rise to the level of extraordinary circumstances. *Id. See e.g. Holland,* 560 U.S. at 652 (concluding that a "garden variety" claim of "excusable neglect" or attorney misconduct such as miscalculation of a deadline did not justify equitable tolling, but that an attorney's repeated failures to respond to a client's inquiries over a period of years, and demands for timely action, might establish equitable tolling); and *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014) ("while agency law binds clients, including federal habeas petitioners, to their attorneys' negligence, 'a client cannot be charged with the acts or omissions of an attorney who has abandoned him'"). Here, at most, Petitioner asserts ordinary negligence or professional malpractice by prior counsel in failing to identify his claim on the erroneous case number.

The undersigned finds no basis for equitable tolling.

### 6. Actual Innocence

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.* at 1936 (quoting *Schlup,* 513 U.S. at 316). "To be

credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324.

Petitioner makes no claim of actual innocence based on new credible evidence, (only technical or legal errors in his prosecution) and the record reveals none.

### 7.  Summary re Statute of Limitations

Petitioner's one year habeas limitations period commenced running on July 22, 2009, and expired on July 21, 2010, making his Petition over eight years delinquent. Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay.  Consequently, the Petition must be dismissed with prejudice.

### B.  OTHER DEFENSES

Because the undersigned concludes that Petitioner's Petition is plainly barred by the statute of limitations and resolution of the other defenses would involve addressing the merits of various claims to dispose of assertions of cause from ineffective assistance of counsel, or the involuntariness of his plea and thus his waiver of claims, Respondents' other defenses are not reached.

### IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. §

2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed October 19, 2018 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings

- 14 -

and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: May 8, 2019

18-3392r RR 19 05 02 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge

- 15 -