# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Mark Wilson Kiker,

 Petitioner,

v.

Charles L. Ryan, *et al.*,

 Respondents.

No. CV-18-03392-PHX-JJT (JFM)

**ORDER**

At issue is the Report and Recommendation ("R&R") (Doc. 13) submitted by United States Magistrate Judge James F. Metcalf, recommending the Court deny and dismiss as untimely the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R informed Petitioner he had fourteen days after its entry to file any objections to it. Petitioner thereafter filed a document captioned "Motion for Clarification," which the Court reads as at least in part as an objection to some of the R&R, and thus treated, was timely filed. After consideration of same, the Court will overrule the objections, adopt in whole the R&R and dismiss the Petition as untimely without cognizable excuse.

Petitioner was sentenced in the underlying matter on February 15, 2008. Because he was convicted after a guilty plea agreement, he waived his right to direct appeal pursuant to Ariz. R. Crim. P. 17.1(e). He timely filed a Post-Conviction Relief ("PCR") notice on March 17, 2008, but never filed a PCR petition or otherwise identified the claims on which the petition would be based, and after giving Petitioner an opportunity to cure defects, the

Arizona trial court dismissed the PCR proceeding on June 16, 2009. Petitioner never sought appellate review of the trial court's dismissal of the PCR proceeding. Therefore, the limitations period of AEDPA began to run no later than 35 days after the dismissal, or July 21, 2009, when Petitioner's time to seek that state appellate review expired. The AEDPA limitations period ran out one year later, on July 21, 2010, and he did not file the instant Petition with this Court until October 15, 2018. That is over eight years too late.

There is no statutory tolling of the AEDPA limitation period based on Petitioner's second PCR notice of May 5, 2018, because the period had already long run out, and cannot be revived by a successive petition once expired. Nor does Petitioner's claim that he was sentenced under "the wrong case number" constitute newly discovered evidence under Section 2244(d)(1)(D). Such information was known to him, and as importantly, his trial counsel, all along and thus was not a factual predicate of his claim which "could have been discovered through the exercise of due diligence" at a later date.

Nor is there equitable tolling available to Petitioner, as Judge Metcalf correctly found. Petitioner stated no "extraordinary circumstances beyond [his] control [that] make it impossible to file a petition on time," as required by law. Finally, Petitioner makes no claim of actual innocence for which the Court would analyze *Schlup* gateway factors.

Petitioner's Motion for Clarification is quite difficult to understand, but he appears to attempt to raise two issues: 1) he asks the Court to clarify why it did not mention "severance of lifetime probation to a standardized type"; and 2) he asks the Court to consider granting a certificate of appealability, apparently under the impression that such can be handled by a magistrate judge, and then attempts to consent to magistrate judge jurisdiction on the issue.

The issue of whether the state trial court's order of lifetime probation, "severed" or not, is not before the Court and was not raised in the Petition. The Court has no jurisdiction over that question. And regarding Petitioner's argument about certificate of appealability, Petitioner appears to be confused. A certificate of appealability, which Magistrate Judge Metcalf recommends this Court deny, pertains to the review of the United States Court of

Appeals for the Ninth Circuit, not any action before a magistrate judge. Moreover, a magistrate judge may not enter final orders on habeas proceedings, so even if this matter were not concluded before the district court, it cannot be referred to a magistrate judge for final decision.

IT IS ORDERED adopting in whole Judge Metcalf's R&R (Doc. 13).

IT IS FURTHER ORDERED denying and dismissing as untimely the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and directing the Clerk of Court to close this matter.

IT IS FURTHER ORDERED denying a certificate of appealability in this matter because Petitioner has not shown, substantially or otherwise, the denial of a constitutional right, and jurists of reason would not find debatable that the Court was correct in its procedural ruling.

Dated this 24th day of June, 2019.

Honorable John J. Tuchi
United States District Judge